UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADALINA RAMONA IACOB,

                Plaintiff,

-against-

http://re.brooklyn-flatbush.com/midtown-renter-hit-with-300k-lawsuit-for-using-airbnb/ et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/2020

1:18-cv-11829-MKV

OPINION AND ORDER
ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING CASE

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Madelina Iacob filed a lawsuit purportedly alleging that an array of websites, from major newspapers to amateur blogs, had violated federal copyright law by publishing images of Ms. Iacob in connection with news articles. Plaintiff claims that these pictures, which she says were originally posted to her social media profiles and personal website, are her intellectual property and had been registered with the copyright office. The most notable feature of Plaintiff's lawsuit is that it does not name any corporation or individual as a defendant. Rather, after several amendments of her complaint, Plaintiff named as defendants only full internet links to the exact articles and blog posts that allegedly had misappropriated her images.

      On March 11, 2020, after having repeatedly granted leave to replead, Magistrate Judge Katherine H. Parker issued a Report and Recommendation that Plaintiff's Third Amended Complaint be dismissed without prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 19 (hereinafter "Report and Recommendation"). For a detailed recitation of Plaintiff's repeated failed attempts to formulate a viable suit, the Court refers the reader to Magistrate Judge Parker's Report and Recommendation [ECF No. 19.], which thoroughly and accurately summarizes the procedural history in this case. In short: Judge Parker

1

was forced to dismiss the case in light of the fact that, after 15 months of litigation and despite multiple orders with explicit instructions on how to amend the Complaint, no proper defendant had been named or served.  For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety and the case is dismissed.

## LEGAL STANDARD

When reviewing a Report and Recommendation, a district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  If a party timely files appropriate objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.,* No. 07-cv-6865-LTS-GWG, 2008 WL 4810043, at *1 (S.D.N.Y. Nov.3, 2008); *see also Ortiz v. Barkley,* 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  To do otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, 97-cv-3775-LTS-JCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted). It is established law that a district judge will ordinarily not consider new arguments or evidence that could have been, but was not, presented before the Magistrate Judge.  *See Pierce v. Mance*, 08-cv-4736-LTS, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009) ("[N]ew claims presented in the form of, or along with, 'objections' should be dismissed.") *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, 03-cv-1851-NGG-RML, 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) ("[I]t is established law that a district judge will not consider new arguments raised in objections

to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not"); *Travelers Ins. Co. v. Estate of Garcia*, No. 00-cv-2130-ILG, 2003 WL 1193535, at *2 (E.D.N.Y. Feb. 4, 2003) ("[D]istrict courts will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance"); *Robinson v. Keane*, 92-cv-6090-CSH, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("An objecting party may not raise new arguments that were not made before the Magistrate Judge.").

The Court is mindful that plaintiff is a *pro se* litigant, and the admonition that "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted) (citing *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). *Pro se* status does not, however, confer blanket immunity for repeated failures to comply with court orders. Rather,

> "[t]he correctness of a Rule 41(b) dismissal is determined in light of five factors. They are: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996). Magistrate Judge Parker carefully considered these factors in concluding that, notwithstanding that plaintiff is prosecuting this action *pro se*, dismissal is appropriate given the history of this case, the directions given to plaintiff and her failure to take steps to properly name a defendant in four separate complaints

## **DISCUSSION**

Plaintiff raises a number of objections to Magistrate Judge Parker's Report and Recommendation, including: (i) that she has had difficulty obtaining defendants' identities and is

3

providing a list now;[1] (ii) that she believed she had followed proper procedure with respect to issuance of service of summonses; and (iii) that she disagrees with the Court's conclusions with respect to Plaintiff's ability to identify defendants without a subpoena. *See* ECF No. 20 (hereinafter "Objections"). For the most part, Plaintiff's objections are "conclusory or general" or "simply reiterate [her] original arguments." As a result, the Court's examination of the Report and Recommendation is limited to review for clear error. *Indymac Bank*, 2008 WL 4810043, at *1.

Plaintiff's initial Complaint was "deemed it insufficient because it failed to identify any defendants or provide sufficient information to allow the Court to assist Plaintiff in identifying any of the defendants." Report and Recommendation at 4. Plaintiff was ordered three separate times to amend the complaint to correct this error, given explicit instructions on how to do so, and directed to a free legal clinic. *Id.* Yet each of the First, Second, and Third Amended Complaints failed to comply with the Court's orders to identify appropriate defendants. *Id.* Only now does plaintiff belatedly attempt to provide a patchwork list of identifying information for the parties she would like to sue. Objections at 3–15, 21–22.

Not only should this list have been brought before the Magistrate Judge, it appears to be *exactly* the type of information (whether or not it is, in fact, sufficient) that Magistrate Judge Parker patiently waited for the Plaintiff to provide for fifteen months and through three rounds of amendments to the Complaint. This is precisely the sort of "new" material that should have been presented to the Magistrate Judge in the first instance; it would be inappropriate and risk undermining the authority of the Magistrate Judge if the Court were to consider it here. *See Abu–Nassar v. Elders Futures, Inc.*, No. 88-cv-7906-PKL, 1994 WL 445638, at *4 n. 2 (S.D.N.Y.

---

[1] Plaintiff's only substantive "objection" is her belated attempt to append to her arguments a list of proper names and contact information for some of the purported defendants.

4

Aug. 17, 1994) (new arguments were "untimely" and to consider them "would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments").

Plaintiffs remaining arguments as to (i) the procedures for summons and (ii) her ability to obtain accurate identifying information for some defendants are equally unavailing.  Her "objections" alternatively ignore or deny in conclusory fashion the conclusions Magistrate Judge Parker reached in her Report and Recommendation, and continually rely on information Plaintiff has only now provided for the very first time.

For example, Plaintiff objects that "[r]eal names and addresses of some of the defendants are impossible to identify without issuing Subpoena to their hosting providers and plaintiff is giving the court here the information of the hosting companies for those specific websites which committed copyright infringement." Objections at 23.  She ignores entirely her failure to amend her complaint to name the balance of defendants that "Plaintiff could have identified . . . without a subpoena." Report and Recommendation at 11.  Furthermore, Plaintiff freely admits (Objections at 21) that she had previously only provided registrar emails that Magistrate Judge Parker concluded were not "appropriate emails for service of subpoenas" (Report and Recommendation at 12).  Her belated provision of hosting information only now with her objections does not, contrary to Plaintiff's bare assertion "show[] that Plaintiff followed court directions and provided all the information she received and was able to find." Objections at 25.  Because these are "only conclusory or general arguments" this Court "will review the Report strictly for clear error." *Indymac Bank*, 2008 WL 4810043, at *1 (S.D.N.Y. Nov.3, 2008)

The court fully recognizes its responsibility to construe the arguments of a *pro se* plaintiff leniently.  *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000).  It has done so.  Magistrate Judge

5

Parker afforded Plaintiff that same benefit of the doubt throughout her management of the case, during which she authorized three amendments and provided guidance to Plaintiff, and in her Report and Recommendation. But, as both this Court and Magistrate Judge Parker have noted, that benefit is not unlimited. Moreover, even if the Court were to fully consider the new identifying information Plaintiff now has produced and review this aspect of Plaintiff's objection *de novo*, it would not compel a different result. If anything – similar to the point Magistrate Judge Parker made in her Report and Recommendation[2] – that Plaintiff now offers information regarding a means to discern defendants' identities demonstrates that at least some of this information is accessible to her and makes her non-compliance with the Court's *three* orders to amend even more egregious.

Reviewing Magistrate Judge Parker's comprehensive and well-reasoned Report and Recommendation for clear error, the Court finds none. Accordingly, it ADOPTS the Report and Recommendation in full. Plaintiff's Third Amended Complaint is DISMISSED without prejudice. The Clerk of the Court is respectfully requested to close the case.

**SO ORDERED.**

Date: **May 21, 2020**   **MARY KAY VYSKOCIL**
      **New York, NY**   **United States District Judge**

---

[2] Magistrate Judge Parker pointed to the information contained in Plaintiff's Motion for a Temporary Restraining Order – filed on the same day as her Third Amended Complaint – as evidence that Plaintiff "clearly ha[d] a basis for identifying at least some of the entities she apparently intends to sue for copyright infringement." Report and Recommendation at 8.